NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50416 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02899-LAB-1 |
| v. | |
| ALBERTO DANIEL CASTELLANOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before: WARDLAW and LEE, Circuit Judges, and KENNELLY,** District Judge.

Alberto Castellanos appeals his forty-eight month sentence for his guilty-plea conviction of transporting undocumented immigrants for financial gain, 18 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(i), and high-speed flight from a Border Patrol checkpoint, 18 U.S.C. § 758. He argues that the district court erred

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

by dividing his continuous flight from Border Patrol into two segments and applying the United States Sentencing Guidelines (U.S.S.G.) § 2L1.1(b)(6) adjustment for the highway segment and the additional § 3C1.2 enhancement for the surface-street segment. We agree. Because the court applied the § 2L1.1(b)(6) adjustment solely based on Castellanos's dangerous driving while fleeing Border Patrol, it erred in segmenting the chase to apply the additional § 3C1.2 enhancement for the same conduct. *See United States v. Lopez-Garcia*, 316 F.3d 967, 971-73 (9th Cir. 2003); U.S.S.G. §§ 2L1.1 cmt. n.3, 3C1.2 cmt. n.1.

The government argues that the application of § 3C1.2 was proper, because the district court "only partially relied" on Castellanos's driving when it applied § 2L1.1(b)(6)—it also focused on his endangering individuals by transporting them in the trunk of his car. *See United States v. Bernardo*, 818 F.3d 983, 986 (9th Cir. 2016) (explaining that mode of transportation may warrant a § 2L1.1(b)(6) adjustment if based on characteristics such as lack of seatbelts or adequate ventilation); U.S.S.G. § 2L1.1(b)(6) cmt. n.3 (listing transport of individuals in the trunk of a car as an example of reckless conduct warranting a § 2L1.1(b)(6) adjustment). But each time the district court analyzed the risks to the individuals in Castellanos's trunk, it focused exclusively on Castellanos's high-speed and erratic driving, and made no reference to the condition of the trunk. Because the district court was clear that Castellanos's "endangering people with the way he was

2

driving" was the basis for its application of § 2L1.1(b)(6), the additional § 3C1.2 enhancement for dangerous driving was error.

Despite the district court's error, we may affirm a sentence "on any ground supported by the record, even if it differs from the rationale of the district court." *United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006). To decide if we can affirm the application of both § 2L1.1(b)(6) and § 3C1.2, we must start by determining whether the record establishes that any conduct other than Castellanos's flight would support the § 2L1.1(b)(6) adjustment. *See Lopez-Garcia*, 316 F.3d at 970.

Section 2L1.1(b)(6) provides for an offense-level increase if a defendant "intentionally or recklessly creat[ed] a substantial risk of death or serious bodily injury. " Conduct is reckless for the purposes of § 2L1.1(b)(6) if "the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *United States v. Rodriguez-Cruz*, 255 F.3d 1054, 1059 (9th Cir. 2001).

Although the record demonstrates that Castellanos's transport of two individuals in his trunk was an act of endangerment, it is silent as to Castellanos's awareness of the risks associated with this act. At oral argument, the government pointed to three portions of the plea agreement that it said amounted to a

3

concession that Castellanos was aware of the risks to the individuals in his trunk: (1) his admission that he "drove . . . with . . . two aliens in the trunk, from which they could not free themselves . . . [and] had no safety belts or other safety devices"; (2) his admission that he "dr[ove] fast and recklessly"; and (3) his commitment to recommending the § 2L1.1(b)(6) adjustment to the court. But the first point concerns the nature of Castellanos's conduct, not his mental state.[1] And the last two points amount to an admission that his dangerous driving—not the act of trunk transport—was reckless and warranted a § 2L1.1(b)(6) adjustment. These plea agreement excerpts do not establish that Castellanos had the requisite mental state for the trunk transport conduct to support a § 2L1.1(b)(6) adjustment.

Because the record does not provide a basis for applying the § 2L1.1(b)(6) adjustment for conduct other than Castellanos's flight from law enforcement, it does not support the additional application of § 3C1.2.

**VACATED AND REMANDED.**

---

[1] Our dissenting colleague views Castellanos's admission in his plea agreement regarding the conditions of the trunk as establishing that he acted knowingly at the time of the offense. But the fact that Castellanos later acknowledged the dangerousness of his conduct does not establish that, at the time of transport, he was subjectively aware of the danger. We note that, in *Rodriguez-Cruz*, cited in the dissent, this court concluded that the defendant was aware of the risks of transporting people through dangerous mountain terrain because he had made the same trip before. 255 F.3d at 1059.

*United States v. Castellanos*, No. 18-50416
LEE, Circuit Judge, dissenting:

Alberto Castellanos admitted in his plea agreement that he transported two aliens "in an unsafe manner." Specifically, he acknowledged that the aliens were locked in a trunk, "from which they could not free themselves," and were unprotected by "safety belts or other safety devices." Because this conduct falls squarely within the ambit of U.S.S.G. § 2L1.1(b)(6), I respectfully dissent.

At sentencing, the district court was equivocal about its basis for applying sentencing enhancements under both § 2L1.1(b)(6) and § 3C1.2. While the district court referenced trunk-transport as a reason for the § 2L1.1(b)(6) enhancement — which is proper — the sentencing transcript also indicates that the two enhancements may have been based on two different segments of Castellanos' flight from Border Patrol. To the extent the district court enhanced the sentence based on two different segments, I agree with the majority's determination that this was error. *See United States v. Lopez-Garcia*, 316 F.3d 967, 970-73 (9th Cir. 2003).

We may, however, affirm a sentence "on any ground supported by the record." *United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006). Application Note No. 3 to § 2L1.1(b)(6) provides that "[r]eckless conduct to which the adjustment from subsection (b)(6) applies includes . . . transporting persons in the trunk or engine compartment of a motor vehicle." U.S.S.G. § 2L1.1, cmt. n.3.

We have previously held that this application note warrants deference, and that the "conduct listed in the Guidelines notes shows the sorts of risks that meet the § 2L1.1(b)(6) requirement." *See United States v. Bernardo*, 818 F.3d 983, 986-88 (9th Cir. 2016).

It is undisputed that Castellanos knowingly transported two aliens in his trunk in a particularly dangerous manner — without seatbelts or any mechanism of escape — that goes beyond the basic trunk-transport described in Application Note No. 3. It self-evidently follows that Castellanos' conduct involved "a substantial risk of death or serious bodily injury" under § 2L1.1(b)(6), such that this sentencing enhancement applies based on the existing record. *See United v. Rodriguez-Cruz*, 255 F.3d 1054, 1059 (9th Cir. 2001) (stating that "reckless" under § 2L1.1(b)(6) means "defendant was aware of the risk created by his conduct"). I would therefore affirm the district court's sentencing decision on this alterative ground.